UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIELLE M. VALOE,

                Plaintiff,

                Case No. 22-cv-182-pp

      v.

ALLSTATE INSURANCE COMPANY,
JOHNATHAN PAUL, KRISTINA MALLEK,
and THOMAS WILSON,

                Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 12)**

---

On January 11, 2024, the plaintiff filed a motion for an extension of time to file an amended complaint and/or for the court to appoint her an attorney. Dkt. No. 12. On February 2, 2024, the court granted the plaintiff's request for an extension of time to file an amended complaint—extending the deadline to the end of the day on April 5, 2024—but did not rule on the plaintiff's request for the appointment of counsel. Dkt. No. 13.

"[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)). Consequently, the court is "placed in the unenviable position of identifying, among the sea of people lacking

1

counsel, those who need counsel the most." <u>Olson</u>, 750 F.3d at 711. While the court acknowledges that the plaintiff may be in difficult circumstances and that she, like any litigant, could benefit from an attorney, the court cannot find that she is among "those who need counsel the most." <u>Id.</u> Because the difficulty of this case does not exceed the plaintiff's capacity to present it, the court will deny the plaintiff's motion to appoint counsel. Dkt. No. 12.

I.      **Background**

On February 14, 2022, the plaintiff—who is representing herself—filed a complaint, alleging that defendant Allstate Insurance Company and several of its employees acted in bad faith in resolving an insurance claim that involved a third-party lienholder. Dkt. No. 1. The plaintiff alleged that she had an oral contract with defendant Johnathan Paul, an Allstate insurance adjustor, to allow the plaintiff to conduct her own negotiations with a third-party lienholder but that the defendants subsequently breached this oral contract. <u>Id.</u> at 6-8.

On November 14, 2023, the court screened the complaint and determined that the plaintiff had failed to state a claim for breach of contract. Dkt. No 10. The court found that the plaintiff "ha[d] not alleged the requirements for an oral contract—an offer, acceptance, a meeting of the minds or consideration" after observing the plaintiff alleged "that Johnathan Paul made a representation to her that he later (apparently with the help of Kristina Malleck) went back on, or retracted." <u>Id.</u> at 15-16. The court opined that "[t]he plaintiff's claims sound more like claims of fraud than they do claims of breach of contract." <u>Id.</u> at 16. The court explained that "[f]raud claims are difficult to

2

allege in federal court[,]" but that since "[t]he plaintiff has provided a lot of detail in her complaint; perhaps she will be able to state a claim for fraud against one or more of the four people or entities she has named in the complaint—Allstate, Paul, Mallek and Wilson." Id. The court stated that it would "give the plaintiff the opportunity to amend her complaint to try to do so[,]" and explained the procedure for amending a complaint. Id. at 16-18. The court ordered that "if the plaintiff wishes to proceed with this case, she must file an amended complaint that complies with the instructions in this order no later than the end of the day on January 12, 2024." Id. at 18. Finally, the court informed the plaintiff that "[i]f the court does not receive an amended complaint, or a motion asking for additional time to file one, by the end of the day on January 12, 2024, the court will dismiss this case for failure to state a claim upon which this federal court can grant relief." Id. at 19.

On January 11, 2024, the plaintiff filed a document entitled, "Request for Extention [sic] to File a Correct Complaint and or to Have the Court Appoint an Attorney Who Can Assist in Filing a Correct Complaint." Dkt. No. 12 at 1 (all caps omitted). The plaintiff "express[ed] that she usually gets her legal advice from free clinics in the area or by calling and speaking to various attorneys" and "ask[ed] the court to give her enough time to ask for assistance from other legal professionals all of which she was not able to deal with because she has become homeless." Id. In explaining how an attorney would be beneficial, the plaintiff wrote:

> Valoe states that she does not know the state under whose laws the corporation and the state where the

3

principal place of Allstate is located of which the answer to proceed with out payment is asking for. Valoe also does not know if she is truly filing under breach of contract she only has information as to what happened and to her not being a professional felt that breach of contract was appropriate as she was told by Paul and by Mallek that she could negotiate a smaller amount. She will need to go to free clinics to figure this out. Valoe needs time to research when she filed her claim an[d] when it is settled and how to properly file her claim so that is can meet the guidelines under civil suit. She also needs to know if she can name just Allstate and not the workers for Allstate. Valoe is also stating to this court that she has filed many complaints with different state regulated businesses that are focused on helping her with this. She has put together her story on what took place with Allstate the proof that she paid the lein holder and sent an additional letter telling the lein holder to contact her if the $1.00 payment was not sufficient. Valoe needs help to prove that she did no wrong in her negotiation with Benefit Recovery.

Id. The plaintiff stated that "she needs help proving her claim and will need the assistance of a lawyer because she will be asking for a trial by jury." Id. The plaintiff also said that she "feels her case is [] complicated and that her right[s] were violated after a verbal agreement between two workers of Allstate." Id.

In describing her efforts to obtain counsel, the plaintiff advised the court that "[s]o far [she] has spoken to more the [sic] 10 attorneys and has used free clinics because of her homelessness and her domestic violence situation she has not done anything but gather a few documents to see if lawyers will help her pro bono. None of the attorneys she spoke to will accept her case." Id. The plaintiff asked that the court "give her a few extra months to get this situated." Id.

4

Finally, the plaintiff "put together a brief synopsis of exhibits proving to this court what took place with her to see if the court can assist with appointing an attorney." Id. at 1-2. The plaintiff then summarized her allegations while referencing several exhibits she attached to the document. Id. at 2. The plaintiff concluded by saying that "[i]f the court will not appoint an attorney [she] is asking for just a straight extension to properly file the request." Id.

## II. Legal Standard

In federal civil litigation, a litigant has "no right to recruitment of counsel." Dewitt v. Corizon, Inc., 760 F.3d 654, 657 (7th Cir. 2014). However, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1). In exercising its discretion, the court must make the following inquiries: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) "The court usually requires a petitioner to show that he has contacted at least three lawyers to establish that he made a reasonable

5

attempt to hire counsel on his own." <u>Devroy v. Boughton</u>, Case No. 22-cv-727-pp, 2023 WL 4059112, at *4 (E.D. Wis. June 19, 2023). The court also "typically requires [a plaintiff to] submit[] letters from several attorneys declining assistance and copies any documents that show Plaintiff tried to find an attorney." <u>Astramsky v. Geisler</u>, Case No. 23-2146, 2023 WL 7300534, at *2 (C.D. Ill. Nov. 6, 2023) (citing <u>Olson</u>, 750 F.3d at 711).

If a plaintiff satisfies the first inquiry, the court must then determine "whether the difficulty of the case—factually and legally—exceeds the plaintiff's capacity as a lay person to coherently present it." <u>Pruitt</u>, 507 F.3d at 654-55. "The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." <u>Eagan</u>, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." <u>Pennewell v. Parish</u>, 923 F.3d 486, 490 (7th Cir. 2019). "The question is not whether the *pro se* litigant would be as effective as a lawyer, but rather whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." <u>Id.</u> This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." <u>Id.</u> at 491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual

capacity, psychological history, physical limitations, and any other characteristics that may limit the plaintiff's ability to litigate the case." Id.

Given the scarcity of *pro bono* counsel resources, the court also may consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 764-65 (7th Cir. 2022). "[E]ven where a litigant's claim is nonfrivolous and factually and legally plausible such that it survives §1915(e)(2) screening, the recruitment of counsel is unwarranted if the plaintiff's chances of success are extremely slim." Id. at 766 (quotation omitted). "[T]he preliminary assessment of likely merit must be under-taken somewhat more generously since the unrepresented litigant might have difficulty articulating the circumstances that will indicate the merit that might be developed by competent counsel." Watts v. Kidman, 42 F.4th 755, 766 (7th Cir. 2022) (quotation omitted).

**III.   Analysis**

The plaintiff did not attach any documents showing her attempts to obtain counsel; she asserts that she "has spoken to more the 10 attorneys and has used free clinics" but that "[n]one of the attorneys she spoke to will accept her case[.]" Dkt. No. 12 at 1. The court will take the plaintiff at her word, find that she has made a reasonable attempt to obtain counsel and move to the second prong of the analysis. The court advises the plaintiff, however, that ordinarily courts expect litigants to provide documentation showing their efforts to obtain counsel. See Astramsky, 2023 WL 7300534, at *2.

Even though the court has concluded that the plaintiff has tried to find a lawyer on her own, the difficulty of this case at this time does not exceed the plaintiff's capacity to coherently present it. See Pruitt, 507 F.3d at 654-55. The plaintiff's complaint and other communications with the court demonstrate she can clearly communicate why she believes she is entitled to the relief she seeks. The plaintiff has demonstrated that she can perform various "tasks that normally attend litigation," including evidence gathering, submitting exhibits and moving for an extension of time. See Pennewell, 923 F.3d, 490-91. The plaintiff showed that she can flag potential legal issues when she observed that a federal case may be required to apply different states' laws, that civil suits have certain required guidelines and that whether a company's employees can be sued directly depend on varying circumstance. Dkt. No. 12 at 1. There are many self-represented litigants who would be unable to flag these types of issues. The court finds that, at this early stage in the litigation, the plaintiff is capable of representing herself.

The court understands that it would be very helpful to the plaintiff to have a lawyer help her, but "deciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson, 755 F.3d at 564 (quoting Olson, 750 F.3d at 711). That is why the court must analyze each case when determining whether a plaintiff is able to proceed on their own. The court concludes that this plaintiff can handle her case on her own at this point, so it will deny her motion

8

without prejudice. If, later in the case, circumstances change, the plaintiff may renew her motion for an appointed lawyer.

## IV. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 12.

The court **REMINDS** the plaintiff that, if she wishes to proceed with this case, she must file an amended complaint no later than the end of the day on **April 5, 2024**. See Dkt. No. 13. The plaintiff must file the amended complaint in time for the court to *receive it* by the end of the day on April 5, 2024. If the court does not receive an amended complaint, or a motion asking for additional time to file one, by the end of the day on April 5, 2024, the court will dismiss this case for failure to state a claim upon which this federal court can grant relief.

Dated in Milwaukee, Wisconsin this 4th day of March, 2024.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

9