UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIELLE M. VALOE,

        Plaintiff,

v.

        Case No. 22-cv-182-pp

ALLSTATE INSURANCE COMPANY,
JOHNATHAN PAUL, KRISTINA MALLEK
and THOMAS WILSON,

        Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT (DKT. NO. 15)**

On January 11, 2024, the plaintiff filed a motion for an extension of time to file an amended complaint and/or for the court to appoint her an attorney. Dkt. No. 12. On February 2, 2024, the court granted the plaintiff's request for an extension of time to file an amended complaint (extending the deadline to the end of the day on April 5, 2024) but failed to rule on the plaintiff's request for appointment of counsel. Dkt. No. 13. On March 4, 2024, the court denied without prejudice the plaintiff's motion to appoint counsel. Dkt. No. 14. In that order, the court explained:

> "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)). Consequently, the court is "placed in the unenviable position of identifying, among the sea of people lacking counsel,

1

> those who need counsel the most." Olson, 750 F.3d at 711. While the court acknowledges that the plaintiff may be in difficult circumstances and that she, like any litigant, could benefit from an attorney, the court cannot find that she is among "those who need counsel the most." Id. Because the difficulty of this case does not exceed the plaintiff's capacity to present it, the court will deny the plaintiff's motion to appoint counsel. Dkt. No. 12.

Dkt. No. 14 at 1-2.

On March 26, 2024, the plaintiff filed a motion for reconsideration and/or extension of time to file amended complaint. Dkt. No. 15. The plaintiff asked the court to reconsider its order denying her motion to appoint counsel. Id. Because the plaintiff has not presented newly discovered evidence or demonstrated that the court committed a manifest error of law or fact, the court will deny the plaintiff's motion for reconsideration. Id. Because the plaintiff has shown good cause, the court will grant her motion for another extension of time to amend her complaint. Id.

**I.       Motion for Reconsideration**

   A.       Governing Law

The plaintiff asks the court to reconsider its order declining to appoint counsel. There is no official federal court rule that allows a court to "reconsider" an order, but a judge's non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Federal Rule of Civil Procedure 54(b); Galvan v. Norberg, 678 F.3d 581, 587 n.3 (7th Cir. 2012) ("Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of final judgment, thereby bestowing sweeping authority upon the district court to reconsider a

[summary judgment motion]."). "The 'standard courts apply in reconsidering their decisions is generally the same under both Rule 59(e) and Rule 54(b).'" Cheese Depot, Inc. v. Sirob Imports, Inc., Case No. 14 C 1727, 2019 WL 1505399, at *1 (N.D. Ill. Apr. 5, 2019) (quoting Morningware, Inc. v. Hearthware Home Prods., Inc., Case No. 09 C 4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011)).

To prevail on a Rule 59(e) motion to "reconsider," a party must "clearly establish" (1) that the court committed a manifest error of law or fact or (2) that newly discovered evidence precluded entry of judgment. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Such motions are disfavored and should be 'rare.'" Acantha LLC v. DePuy Orthopaedics Inc., Case No. 15-C-1257, 2018 WL 2290715, at *1 (E.D. Wis. May 19, 2018) (quoting Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)).

In federal civil litigation, a litigant has "no right to recruitment of counsel." Dewitt v. Corizon, Inc., 760 F.3d 654, 657 (7th Cir. 2014). A court does, however, have discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1). In exercising its discretion, the court must make the

3

following inquiries: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007).

B. The Plaintiff's Arguments

The plaintiff says her "case is complicated and the mental anguish she has from it was derived from the actions of the defendants[.]" Dkt. No. 15 at 1. The plaintiff explains that she "is indigent and has nothing to fight a company who hides behind hundreds of lawyers." Id. The plaintiff says that it will be difficult for her to file an amended complaint by the current deadline of April 5, 2024. Id. at 1-2.

To establish the complexity of her case, the plaintiff reiterated her allegations against the defendants, id. at 2-5, and attached several exhibits, dkt. no. 15-2. These exhibits include, but are not limited to, the plaintiff's communications with the defendants, dkt. no. 15-2 at 9-10, 16, 20-26, a picture of the disputed check, dkt. no. 15-2 at 11, and documents related to the plaintiff's complaint to the Wisconsin Division of Market Regulation & Enforcement, dkt. no. 15-2 at 1-4. The plaintiff referenced the attached exhibits in her account of the allegations in her complaint. Dkt. No. 15 at 2-5. She also plaintiff flagged several questions that she would have for legal counsel, including who she should name as defendants in the amended complaint, how to call certain witnesses and whether recorded calls could be used as evidence. Id. at 2, 5. The plaintiff concluded by reiterating her

4

statement that the case is complicated and reiterating her request for a lawyer. Id. at 5.

C. <u>Analysis</u>

The court denied the plaintiff's motion to appoint counsel because it "conclude[d] that this plaintiff can handle her case on her own at this point." Dkt. No. 14 at 8. The information in, and attached to, the plaintiff's motion to reconsider does not change that conclusion. If anything, the plaintiff's motion for reconsideration bolsters that conclusion; the plaintiff's motion and attachments demonstrate that she can gather evidence, file exhibits and clearly explain in a written motion why the exhibits are important. <u>See</u> <u>Pennewell v. Parish</u>, 923 F.3d 486, 491 (7th Cir. 2019) (noting that, when determining whether to appoint counsel, the court "considers all tasks that normally attend litigation including evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial"). The plaintiff's motion coherently recounts her allegations and explains how the plaintiff believes the defendants wronged her. Dkt. No. 15; <u>see also</u> <u>Pennewell</u>, 923 F.3d at 491 ("To the extent it is able, the district court must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations, and any other characteristics that may limit the plaintiff's ability to litigate the case."). This motion, and the plaintiff's previous filings, support the court's decision to deny without prejudice the plaintiff's motion to appoint counsel.

The court recognizes that litigating a case in federal court without a lawyer's help may be a daunting task for the plaintiff, but at this early stage in the litigation, she is not among "those who need counsel the most." Olson, 750 F.3d at 711. The defendants have not yet answered the complaint or filed any motions. All that needs to happen at this point is that the plaintiff needs to amend her complaint, following the instructions in the court's November 14, 2023 order. Dkt. No. 10. The court laid out, at pages 15-18 of that order, what the plaintiff needed to do to address the deficiencies in the complaint. Id. The court is including with this order another copy of *that* order to assist the plaintiff in drafting her amended complaint.

The court understands "that it would be very helpful to the plaintiff to have a lawyer help her," dkt. no. 14 at 8, but that is true for almost every self-represented plaintiff. The plaintiff has not presented newly discovered evidence or demonstrated that the court committed a manifest error of law or fact. Harrington, 433 F.3d at 546. The court will deny her motion for reconsideration. Dkt. No. 15. It remains the case that if, sometime in the future, litigation becomes too complicated for the plaintiff to handle on her own, she may renew her motion to appoint counsel. But she will need to prepare her amended complaint herself.

II.  **Motion for Extension of Time to File Amended Complaint**

The plaintiff has shown good cause to extend the deadline for filing an amended complaint. See Fed. R. Civ. P. 6(b)(1)(A). The will grant the plaintiff's motion for extension of time to file her amended complaint.

### III. Conclusion

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 15.

The court **GRANTS** the plaintiff's motion for extension of time to file her amended complaint. Dkt. No. 15. The court **ORDERS** that the time for the plaintiff to file an amended complaint is **EXTENDED** until the end of the day on **May 10, 2024**. The plaintiff must file the amended complaint in time for the court to *receive it* by the end of the day on May 10, 2024. If the court does not receive an amended complaint, or a motion asking for additional time to file one, by the end of the day on May 10, 2024, the court will dismiss this case for failure to state a claim upon which this federal court can grant relief.

Dated in Milwaukee, Wisconsin this 3rd day of April, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**