UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIELLE M. VALOE,

        Plaintiff,

v.

        Case No. 22-cv-182-pp

ALLSTATE INSURANCE COMPANY,
JOHNATHAN PAUL, KRISTINA MALLEK,
and THOMAS WILSON,

        Defendants.

**ORDER SCREENING PLAINTIFF'S AMENDED COMPLAINT (DKT. NO. 17), DISMISSING CASE AND DENYING AS MOOT PLAINTIFF'S MOTION TO SERVE COMPLAINT AND TO APPOINT COUNSEL (DKT. NO. 19)**

On April 5, 2024, the court received from the plaintiff—who is representing herself—an amended complaint (which the court had allowed her to file after finding that her original complaint failed to state a claim). Dkt. No. 17. On September 9, 2024, the court received from the plaintiff a motion asking the court to serve the complaint and for appointment of counsel. Dkt. No. 19. This order screens the amended complaint, finds that it does not state a claim for which this federal court can grant relief, dismisses the case and denies as moot the plaintiff's motion to serve the complaint and to appoint counsel.

**I.    Background**

On February 14, 2022, the court received the plaintiff's original complaint, alleging that defendant Allstate Insurance Company and several of

1

its employees acted in bad faith when resolving her insurance claim involving a third-party lienholder. Dkt. No. 1. The original complaint alleged that the plaintiff had an oral contract with defendant Johnathan Paul (an Allstate insurance adjustor) allowing the plaintiff to conduct her own negotiations with a third-party lienholder but that the defendants subsequently breached this oral contract. Id. at 6-8.

On November 14, 2023, the court screened the complaint and determined that the original complaint failed to state a claim for breach of contract. Dkt. No. 10. Observing that the original complaint alleged "Johnathan Paul made a representation to her that he later (apparently with the help of Kristina Malleck) went back on, or retracted," the court found that the plaintiff "ha[d] not alleged the requirements for an oral contract—an offer, acceptance, a meeting of the minds or consideration." Id. at 15-16. The court opined that "[t]he plaintiff's claims sound more like claims of fraud than they do claims of breach of contract." Id. at 16. It explained that "[f]raud claims are difficult to allege in federal court[,]" but that because "[t]he plaintiff has provided a lot of detail in her complaint . . . perhaps she will be able to state a claim for fraud against one or more of the four people or entities she has named in the complaint—Allstate, Paul, Mallek and Wilson." Id. The court stated that it would "give the plaintiff the opportunity to amend her complaint to try to do so[,]" and explained the procedure for amending a complaint. Id. at 16-18.

On January 11, 2024, the court received from the plaintiff a motion for an extension of time to file an amended complaint and/or for the court to

2

appoint the plaintiff an attorney. Dkt. No. 12. The court granted the request for an extension of time, extending the deadline to the end of the day on April 5, 2024. Dkt. No. 13. On March 4, 2024, the court denied without prejudice the plaintiff's motion to appoint counsel. Dkt. No. 14. In that order, the court "acknowledge[d] that the plaintiff may be in difficult circumstances and that she, like any litigant, could benefit from an attorney," but stated that it could not "find that she is among 'those who need counsel the most.'" Id. at 2 (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)). On March 26, 2024, the court received from the plaintiff a motion for reconsideration and/or extension of time to file amended complaint, in which the plaintiff asked the court to reconsider its order denying her motion to appoint counsel. Dkt. No. 15. On April 3, 2024, the court denied the motion for reconsideration because the plaintiff had "not presented newly discovered evidence or demonstrated that the court committed a manifest error of law or fact[.]" Dkt. No. 16 at 2. In that same order, the court granted the plaintiff's motion for another extension of time to amend her complaint, extending the due date to May 10, 2024. Id.

On April 5, 2024, the plaintiff timely filed her amended complaint. Dkt. No. 17. The amended complaint alleges that the "Defendants broke th[ei]r promise to [the plaintiff] in regards to claim #057860041 for loss on 2/17/2020 against her policy issued by Allstate Property & Casualty Insurance Company for a[n] uninsured motorist claim." Id. at 3. The amended complaint explains:

> Adjuster Jonathan Paul closed out [the plaintiff's] claim sending [the plaintiff] her payment set at policy limits for $50,000. [The plaintiff] agreed to this settlement amount asking that Benefit Recovery not be added to her check she was demanding full payment. Mr. Paul

3

negotiated Benefits Recovery lien and made [the plaintiff] agree to a said amount $1.00 before sending out her payment. [The plaintiff's] claim was closed on March 5th 2021 with [the plaintiff] telling Mr. Paul her exact intentions she was demanding her payment.

Id. at 3-4. The plaintiff says asserts that "her binding contract was complete when she signed her check and cashed it." Id. at 4. She avers that she "was in contact with the medical lien holder who stated they would accept a lower amount" and that she "offered the lien holder $1.00 sent an additional email to the lien holder waiting for th[ei]r response to see if that amount was OK." Id. at 4-5. The plaintiff says that "[she] provided evidence to this court[1] that Adjuster Paul ordered [the plaintiff's] check back from her bank account without her permission and that her account was treated as fraud." Id. at 5. She alleges that "Allstate obtained money from [the plaintiff's] account with BMO Harris *using false pretenses*." Id. at 6 (emphasis added). The plaintiff asserts that "it[']s Mr. Paul and his credentials . . . that made her account go to the fraud department and request it back." Id. at 7. The plaintiff says she "never would of accepted a check and cashed it if the check wasn't hers." Id. at 9.

Subsequently, the court received more filings from the plaintiff. See Dkt. Nos. 18-19. On May 8, 2024, the court received from the plaintiff a letter in which she reiterated her allegations and expressed confusion about the current proceedings. And on September 9, 2024, the court received from her a

---

[1] The amended complaint did not include any attachments. When the plaintiff says she "*provided* evidence to this court[,]" dkt. no. 17 at 5 (emphasis added), she may be referring to the exhibits she attached to some of her previous filings, such as her motion to appoint counsel, dkt. no. 12-1, or her motion for reconsideration, dkt. no. 15-2.

4

document titled "motion to help serve filed complaints to defendants and appointment of volunteer attorney or refer[r]al to Eastern District of Wisconsin Bar Association Federal Legal Assistance Program." Dkt. No. 19.

## II. Legal Standard

Just as it did when screening the original complaint, when screening the amended complaint (which replaced the original complaint),[2] the court must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). "[D]istrict courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the pro se litigant would be able to state a meritorious claim." Donald v. Cook Cnty. Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996). However, the "court is not to become an advocate." Id. The court is "not charged with seeking out legal 'issues lurking within the confines' of the [self-represented] litigant's pleadings, and the court's duties certainly do 'not extend so far as to require the court to bring to the attention of the *pro se* litigant or to decide the unraised issues.'" Kiebala v. Boris, 928 F.3d 680, 684-85 (7th Cir. 2019) (quoting Caruth v. Pinkney, 683 F.2d 1044, 1050 (7th Cir. 1982)).

---

[2] Flannery v. Recording Indus. Ass'n of Am., 354 F.3d 632, 638 n.1 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void.").

Although courts liberally construe pleadings filed by self-represented persons, their pleadings still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff does not need to plead every fact supporting her claim, but she does need to give the defendant fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To state a claim against a defendant, a complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

### III. Discussion

Whether the court construes the plaintiff's claim as a breach of contract claim or a fraud claim, the amended complaint fails to state a claim upon which relief may be granted.

Starting with the potential contract claim, the amended complaint suffers from the same flaws as the original complaint. As the court explained in its initial screening order, "[t]he plaintiff alleges that she had an oral contract to allow her to perform her own negotiations with the third-party lienholder[,]

6

[b]ut she has not alleged the requirements for an oral contract—an offer, acceptance, a meeting of the minds or consideration." Dkt. No. 10 at 15-16 (citing Gallo v. Mayo Clinic Health System-Franciscan Med. Ctr., Inc., 907 F.3d 961, 965 (7th Cir. 2018); Joe Panos, Inc. v. Panagiotopoulus, Case No. 22-CV-656, 2022 WL 20690783, at *4 (E.D. Wis. Dec. 21, 2022)). Like the original complaint, the amended complaint does not allege the requirements for an oral or written contract. At most, the amended complaint alleges that the plaintiff believed that "her binding contract was complete when she signed her check and cashed it[,]" dkt. no. 17 at 4, but it is unclear what the terms of this "binding contract" were or why it would be "complete" when the plaintiff "signed her check and cashed it." Because the amended complaint does not allege facts sufficient to show that there was a contract between the plaintiff and any of the defendants, the court cannot find that the amended complaint sufficiently alleges a breach of any contract.

Turning to the potential fraud claim, the amended complaint does not allege sufficient facts to satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b). As the court explained in its original screening order, "[f]raud claims are difficult to allege in federal court" because they require a plaintiff to "describe the 'who, what, when, where, and how' of the fraud." Dkt. No. 10 at 16 (quoting Pullins v. Reuters News & Media, Inc., No. 22-1711, 2023 WL 1514414, at *1 (7th Cir. Feb. 3, 2023)). The amended complaint asserts that the defendants committed fraud by "obtain[ing] money from [the plaintiff's] account with BMO Harris using false pretenses." Dkt. No.

7

17 at 6. But it does not explain what those "false pretenses" were. The plaintiff says that she has provided evidence that Adjustor Paul "ordered [her] check back from her bank account without her permission and that her account was treated as fraud." Id. at 5. Perhaps the plaintiff is trying to allege that Adjustor Paul, or someone else, made false statements to the bank that cause her account to be "treated as fraud." But she does not explain what statements the defendants made to BMO Harris or what was false about those statements.[3] Without these details, the court cannot conclude that the plaintiff has stated a fraud claim for which a federal court may grant relief.

Because the plaintiff has failed to state a claim upon which relief may be granted, the court will dismiss this case with prejudice. Because the court is dismissing the case, it will deny as moot the plaintiff's motion to serve complaint and to appoint counsel.

## IV. Conclusion

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which a federal court can grant relief. The clerk will enter judgment accordingly.

---

[3] The exhibits that the plaintiff previously filed with the court provide some context. These exhibits show that after the plaintiff requested that she be allowed to independently negotiate with the third-party lien holder, Adjustor Paul issued the plaintiff a two-party check. Dkt. No. 15-2 at 1-6. They show that Allstate was notified when the plaintiff attempted to cash the two-party check without the third-party lienholder's signature. Id. Finally, the exhibits demonstrate that because the third-party lienholder had not signed, BMO Harris ultimately returned the check's funds to Allstate. Id.

The court **DENIES AS MOOT** the plaintiff's motion to serve complaint and to appoint counsel. Dkt. No 19.

Dated in Milwaukee, Wisconsin this 14th day of April, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**